UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SLADE MOORE                                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO.: 3:10cv454-DPJ-FKB

CITY OF JACKSON, MISSISSIPPI
and JACKSON POLICE DEPARTMENT                                    DEFENDANTS

ORDER

        This race-discrimination case is before the Court on Defendants' Motion to Dismiss [6].

Plaintiff Slade Moore has responded in opposition [9].  The Court, having considered the

memoranda of the parties and the relevant authorities, finds that Defendants' Motion should be

denied.

I.      Facts and Procedural History

        A summary of the relevant facts can be found in Judge Wingate's prior opinion

dismissing Plaintiff's initial suit.  *See Moore v. City of Jackson*, Civil Action No. 3:09-CV-398-

HTW-LRA (S.D. Miss. July 27, 2010).  In short, Plaintiff Slade Moore, a former police officer,

believes that Jackson Police Department discriminated and retaliated against him on account of

his race in violation of 42 U.S.C. § 1981 (2006).  Judge Wingate dismissed the first suit because

Moore failed to seek remedies for his § 1981 claim against these public defendants through a §

1983 cause of action.  So, Moore refiled his suit in state court on July 19, 2010, utilizing § 1983

to assert his § 1981 claims.  Defendants removed the case to this Court shortly thereafter and

have now moved to dismiss Moore's second suit as time barred.  Whether it is depends on which

statute of limitations applies and when the claims accrued.

II.     Analysis

    A.     Statute of Limitations

Moore's cause of action is premised on § 1983, which precludes deprivation of a right "secured by the Constitution and the laws" of the United States by a person acting under color of state law.  42 U.S.C. § 1983 (2006).  The deprivation he alleges is a violation of § 1981.  Section 1981 states that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . ."  42 U.S.C. § 1981(a).  The term "make and enforce contracts" is defined in § 1981(b) to include  "performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

Contrary to Defendants' apparent position, Moore followed the correct procedural path in bringing a § 1983 claim for alleged violation of § 1981, even though § 1981 provides no *remedy* for violations by public defendants.  As stated in *Jett v. Dallas Independent School District*, "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units."  491 U.S. 701, 733 (1989).  In other words, plaintiffs alleging § 1981 violations by public defendants must seek their remedies through § 1983.  *Id*. at 731.

But this dichotomy creates confusion when determining whether to apply the three-year statute of limitations traditionally applied to § 1983 claims in this venue or the four-year limitations period applied to the predicate § 1981 violation Moore alleges.[1]  This is the issue

---

    [1]The Fifth Circuit has historically applied a three-year limitations period to § 1983 claims filed inMississippi.  *See*, *e.g.*, *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing Miss. Code Ann. § 15-1-49 (2003)).  But a four-year limitations period applies to § 1981

2

presented, and it remains unsettled in the Fifth Circuit and most other circuits.  For the reasons

stated below, the Court concludes that a four-year limitations period applies to Moore's claim.

Section 1658(a) created a "catch-all" statute of limitation for certain federal statutory

claims. It states that "a civil action arising under an Act of Congress enacted after the date of the

enactment of this section [1990] may not be commenced later than 4 years after the cause of

action accrues."  28 U.S.C. § 1658(a) (2006).  In *Jones*, the Supreme Court held that "a cause of

action 'aris[es] under an Act of Congress enacted' after December 1, 1990—and therefore is

governed by § 1658's 4-year statute of limitations—if the plaintiff's claim against the defendant

was made possible by a post-1990 enactment."  541 U.S. at 382 (cited in *Mitchell v. Crescent

River Port Pilots Ass'n*, 265 F. App'x 363, 368 (5th Cir. 2008)).  The Court rejected a more

restrictive interpretation of  § 1658(a) "under which 'arising under' means something akin to

'based solely upon.'"  *Id*. at 383.  As noted by the Eleventh Circuit in *Baker v. Birmingham

Board of Education*, "[s]uch an interpretation would improperly restrict § 1658 'to cases in

which the plaintiff's cause of action is based solely on a post-1990 statute that establishes a new

cause of action without reference to preexisting law.'" 531 F.3d 1336, 1338 (11th Cir. 2008)

(citing *Jones* at 381).

Moore's § 1983 claim is premised on a violation of § 1981(b) related to his existing

employment.  Before 1991, § 1981 contract claims were limited to discrimination in the

formation of contracts.  *Patterson v. McLean Credit Union*, 491 U.S. 164, 176– 77 (1989).  That

changed when Congress enacted the Civil Rights Act of 1991, adding protection from

---

discrimination claims related to existing employment contracts.  *Jones v. R.R. Donnelley & Sons
Co.*, 541 U.S. 369, 382 (2004) (citing 28 U.S.C. § 1658)).

discrimination in the "benefits, privileges, terms, and conditions of the contractual relationship."

42 U.S.C. § 1981(b).  Thus, before 1991, Moore could not have pursued a § 1983 claim for

violation of § 1981.  *See Mitchell*, 265 F. App'x at 368 (noting expansion of § 1981 claims under

Civil Rights Act of 1991).  And because Moore's civil action arises "under an Act of Congress

enacted after" 1991, § 1658's four-year limitations period applies.

This was the precise analysis the Eleventh Circuit followed in *Baker*, which appears to be

the only published opinion from any circuit addressing the issue.  531 F.3d at 1338 (reversing

trial court's holding that § 1983 statute of limitations applied rather than the four-year limitations

period under § 1981).  *Baker* found further support in dicta from *City of Rancho Palos Verdes,*

*California v. Abrams*, where the United States Supreme Court noted that § 1658(a) may apply to

§ 1983 claims made possible post-1990.  544 U.S. 113 (2005) (cited in *Baker*, 531 F.3d at 1339

n.2).  Finally, the Fifth Circuit's unpublished opinion in *Okon v. Harris County Hospital*

*District*, offers additional weight.  No. 10-20603, 2011 WL 1990836, at *1 (5th Cir. May 23,

2011) (stating in dicta that four-year limitations period applied where plaintiff brought § 1983

claim against public defendant for violation of § 1981).  In sum, the Court finds that § 1658's

four-year statute of limitations applies to Moore's § 1983 claim for § 1981 violations.[2]

---

[2]Although some courts have taken a different view in unpublished opinions, *see*, *e.g*.,
*Trice v. Clark Cnty. Sch. Dist.*, 376 F. App'x 789, 790–91 (9th Cir. 2010), several sister courts
within the Fifth Circuit have applied the four-year limitations period.  *See Jackson v. David*
*Wade Corr. Ctr.*, Civil No. 07-1420, 2008 WL 4500325, at *2 n.2 (W.D. La. Oct. 6, 2008)
(noting that the defendants *conceded* that the plaintiff's § 1981 claim arose under "the post-1990
amendment to section 1981" and concluding that § 1658's "four-year catchall period applie[d]"),
*aff'd Jackson v. Michaels*, 406 F. App'x 921, 922 (5th Cir. 2011) (affirming the dismissal of the
§ 1983 claims as time barred and the granting of summary judgment as to the § 1981 claims);
*Thomas v. City of Shreveport*, No. 06-1078, 2008 WL 4291211, at *5 (W.D. La. Sept. 15, 2008)
(noting that while the plaintiff asserted his § 1981 claims using § 1983 as a vehicle, the § 1981
claims were subject to a four-year statue of limitations) (citing *Knox v. City of Monroe*, 551 F.

4

B.      Accrual

The next question is when Moore's claim accrued.  Moore's Complaint references two primary incidents of alleged discrimination/retaliation—a change in work assignment and the termination of his employment on July 18, 2006.  *See* Notice of Removal [1] Ex. A, Pl.'s Comp. ¶¶ 10, 20, 21, 24, 27.  The termination occurred within the four-year limitations period, but the remaining allegations did not.[3]  It appears to the Court, under a Rule 12(b)(6) standard, that the claims related to the termination of Moore's employment are not time barred.  Having said that, the issue may implicate *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), a case the parties have not yet addressed.  The Court also questions whether the clock could start on Moore's race discrimination claim before the termination, because until then it does not appear that he suffered an ultimate employment decision.  *See McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007).  The Court is reluctant to examine these issues *sua sponte* at the Rule 12(b)(6) stage.  Accordingly, Defendants' Motion is denied without prejudice to their right to reurge the matter in a properly supported motion for summary judgment.

---

Supp. 2d 504, 512 (W.D. La. 2008) (applying four-year statute of limitations)); *Fullen v. Galveston Indep. Sch. Dist.*, No. G-07-0194, 2008 WL 150969, at *5 (S.D. Tex. Jan. 14, 2008) (finding § 1981 claims against public employer were subject to four-year statute of limitations and denying motion to dismiss claims as time barred).

[3]Defendants assert that even applying a four-year statute of limitations and using the July 18, 2006, termination date, Moore's claim was filed one day too late.  The Court rejects this averment, noting that the day of the event that triggers the statute of limitations is excluded and July 18, 2010, was a Sunday.  *See* Fed. R. Civ. P.. 6(a)(1)(A) and (C).

III.     Conclusion

Based on the foregoing, the Court finds Defendants' Motion to Dismiss [6] should be

denied.  The stay of this matter is lifted.

**SO ORDERED AND ADJUDGED** this the 22nd day of July, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE