IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SLADE MOORE                                                                                          PLAINTIFF

vs.                                                           CIVIL ACTION NO. 3:10cv454-DPJ-FKB

CITY OF JACKSON, MISSISSIPPI                                                       DEFENDANT

ORDER

Slade Moore is a former Jackson police officer. He brought this action against the City of Jackson (the City) pursuant to § 1983 alleging that the Jackson Police Department discriminated and retaliated against him because of his race (white) by changing his work assignment and ultimately terminating his employment. Presently before the Court is Plaintiff's motion to disqualify defense counsel, attorneys with the Office of the City Attorney of Jackson, because of that office's alleged prior representation of Moore in an excessive force suit.

In this circuit, a party seeking to disqualify opposing counsel "must establish two elements: (1) an actual attorney-client relationship between the moving party and the attorney he seeks to disqualify and (2) a substantial relationship between the subject matter of the former and present representations." *In re American Airlines, Inc.*, 972 F.2d 605, 614 (5th Cir. 1992). If these elements are established, an irrebuttable presumption arises that confidential information was disclosed during the prior representation. *Id.* In the case *sub judice*, the former representation, as alleged by Plaintiff, involved an action in this court, *Vivian Nichols, et al. v. City of Jackson, et al.*, civil action no. 3:06cv364-HTW-LRA. *Nichols* was a wrongful arrest and excessive force suit brought pursuant to §

1983 against the City and several police officers, including Moore. The action was filed while Moore was still employed by the City; however, during its pendency, Moore was terminated by the City.

The City opposes the motion by arguing that neither prong of the substantial relationship test has been met. First, the City contends that there was never any actual attorney-client relationship between the City Attorney and Moore because Moore was sued only in his official capacity in the *Nichols* action, and therefore he was never represented personally or individually by the City Attorney. The City states that although Moore's name was on the pleadings it filed in defense of the action, the City Attorney never met with him or spoke with him because he refused to come into the City Attorney's office for an interview or cooperate in the defense of the action. The City also points out that Moore was terminated during the pendency of the *Nichols* action. According to the City, Moore was terminated because the Mississippi Court of Appeals affirmed a judgment against the City in another excessive force action involving Moore, *City of Jackson v. Calcote*, 910 So. 2d 1105 (Miss. Ct. App. 2005).

The amended complaint filed in the *Nichols* action did not set forth explicitly the capacity in which the individual defendants, including Moore, were sued. When a complaint is not clear as to the capacity in which an individual is sued, courts in this circuit look to the substance of the claims, the relief sought, and the course of the proceedings. *Senu-Oke v. Jackson State Univ.*, 521 F.Supp.2d 551, 556 (S.D. Miss. 2007); *see also United States ex rel. Adrian v. Regents of Univ. of Ca.*, 363 F.3d 398, 402-03 (5th Cir. 2004) (finding course of proceedings indicated defendant was sued solely in his official

capacity because the plaintiff never challenged defendant's assertion in his motion to dismiss that he was sued in his official capacity).  The course of the proceedings in the *Nichols* case leaves little doubt that Moore was sued in his individual capacity.  First of all, suing Moore in his official capacity in an action in which the City was a defendant would have been meaningless and redundant, since an official capacity suit is merely a suit against the governmental entity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Furthermore, the fact that the complaint sought damages from Moore individually indicates that he was sued in his individual capacity, as he would not be liable for damages in an official-capacity suit.  The complaint also sought punitive damages, which would not have been recoverable from the City or from official-capacity defendants.  It is also clear that the City viewed the suit as one against Moore and the other officials in their individual capacities, as they filed a motion to dismiss asserting the defense of qualified immunity on behalf of Moore and the other officers--a defense that would have no application to official-capacity claims.  It follows that if the plaintiffs in *Nichols* were asserting claims against Moore in his individual capacity, the City Attorney was representing Moore individually and personally.  The Court concludes that an actual attorney-client relationship existed between Moore and the City Attorney in the *Nichols* proceeding.

The Court further finds that there is a substantial relationship between the *Nichols* action and the present one.  Defendant argues that nothing in the *Nichols* action pertained to racial discrimination, the alleged basis of the present suit.  The City misses the point entirely.  One of the primary, if not *the* primary issue, in the present case is the

reason for Moore's termination.  The City has stated that one of the reasons for Moore's termination was the outcome in the *Calcote,* another excessive force suit involving Moore. There is little doubt that the City will also rely upon the incident which underlay the *Nichols* action as an additional reason.  The Fifth Circuit has stated that  all is required for a finding of substantial relationship is that the previous action "be akin to the present action in a way reasonable persons would understand as important to the issues involved." *In re American Airlines,* 972 F.2d at 623 (quoting *In re Corrugated Container Antitrust Litigation*,  659 F.2d 1341, 1356 (5th Cir. 1981)).   A reasonable person would understand that Moore's involvement in an episode of excessive force or false arrest would be important to the issues in the present case.  The Court concludes that the second prong of the substantial relationship test has been satisfied.

Plaintiff has established the necessary elements for disqualification of the Office of the City Attorney as counsel for Defendant.  Accordingly, the motion is hereby granted. Defendant is directed to retain outside counsel within thirty days.

SO ORDERED this the 12th  day of October, 2011.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE