UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SLADE MOORE                                                                                      PLAINTIFF

VS.                                                                  CIVIL ACTION NO. 3:10cv454-DPJ-FKB

CITY OF JACKSON, MISSISSIPPI,
and JACKSON POLICE DEPARTMENT                                              DEFENDANTS

ORDER

This employment-discrimination case is before the Court the motion of Defendants City of Jackson and Jackson Police Department for summary judgment. Defs.' Mot. Summ. J. [53]. Plaintiff Slade Moore concedes dismissal of his retaliation claim but otherwise opposes this motion. Pl.'s Mem. [59]. Although the Court has serious reservations as to whether Moore's discrimination claim should proceed, it concludes that Defendants have not presented their motion in way that would allow dismissal.

I.   Facts and Procedural History

A summary of the relevant facts can be found in Judge Wingate's prior opinion dismissing Moore's initial suit. *See Moore v. City of Jackson*, Civil Action No. 3:09-CV-398-HTW-LRA (S.D. Miss. July 27, 2010). Moore, a white, former police officer, was terminated from employment after the Mississippi Court of Appeals affirmed a state-court judgment against the City of Jackson for Moore's use of excessive force. The termination decision came nearly ten years after the incident, and Moore believes that the Jackson Police Department and the City of Jackson, Mississippi, discriminated against him on account of his race thereby violating 42 U.S.C. § 1981.

Judge Wingate dismissed the first suit because Moore failed to plead his § 1981 claim against these public Defendants through 42 U.S.C. § 1983.  So, Moore refiled his suit in state court on July 19, 2010, utilizing § 1983 to assert his § 1981 claims.  Defendants subsequently filed a notice of removal and now seek summary judgment on all of Moore's claims.

II.     Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (citation and quotations omitted).  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).  In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.  When such contradictory

facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (citations omitted).

III.   Analysis

In many respects, the parties' submissions are like the proverbial ships passing in the night, arguing their positions based on different legal standards and leaving doubt whether issues were properly raised and answered.  Ultimately, the Court concludes that Defendants have not squarely examined Moore's claims and that reconfiguring the arguments to meet the correct standards would require examination of record evidence, arguments, and objections Defendants never raised.  This would deprive Moore a fair opportunity to respond.  *See generally Arkwright–Boston Mfrs. Mut. Ins. Co. v. Aries Marine Corp.*, 932 F.2d 442, 444–45 (5th Cir. 1991) (holding that courts should not grant summary judgment based on issues not raised by the parties without giving the parties notice and an opportunity to respond).  The motion is therefore denied for the following reasons.

A.   Whether Moore has Stated a Cognizable Right Under § 1983

Defendants repeatedly argued that Moore's claim under § 1983 must fail because he has not stated a constitutional violation.  But § 1983 provides a cause of action against any person who, under color of law, deprives another of "any rights, privileges or immunities secured by the Constitution *and laws* . . . ." 42 U.S.C. § 1983 (emphasis added).  Here, Moore contends that the City of Jackson and the Jackson Police Department violated his rights under § 1981 by terminating his employment based on race.  Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474–75 (2006) (brackets in

original) (quoting 42 U.S.C. § 1981(a)).  And as Judge Wingate noted, Moore *must* bring his § 1981 claim through § 1983 as it is the exclusive remedy for § 1981 violations against municipalities.  *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731 (1989); *Washington v. City of Gulfport*, 351 F. App'x 916, 919 (5th Cir. 2009) (citing *Oden v. Oktibbeha Cnty.*, 246 F.3d 458, 463 (5th Cir. 2001)).  Thus, Moore has at least identified an enforceable right under § 1983.

      B.      Municipal Liability Under § 1983

Municipal liability under § 1983 may not rest on respondeat superior, and instead must be premised upon "some official action or imprimatur."  *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).  To pursue a § 1983 claim, Moore must first demonstrate an official policy or custom.  *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 694 (1978).  That said, a policy includes a "decision that is officially adopted . . . by an official to whom the lawmakers have delegated policy-making authority."  *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (citation omitted) (cited in Defendants' Memorandum [54] at 7).  Thus,  "a single decision may create municipal liability if that decision were made by a final policymaker responsible for that activity."  *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005) (citing *Brown v. Bryan Cnty.*, 67 F.3d 1174, 1183 (5th Cir. 1995)).  This theory applies to employment decisions.  *See Bolton v. City of Dallas*, 541 F.3d 545, 548 (5th Cir. 2008) (finding that plaintiff failed to prove termination decision was made by final policymaker).

Moore follows this approach by arguing that then Mayor Frank Melton and Chief of Police Shirlene Anderson shared policymaking authority to fire police officers and that they exercised that authority when terminating Moore's employment.  In their Reply, Defendants

acknowledged Moore's argument but made no effort to rebut it, focusing instead on the lack of an offensive custom or policy. Because Defendants failed to substantively address Moore's theory, the Court concludes that Moore, by identifying a single decision by a policymaker, satisfied his burden of showing a municipal policy or custom. *Id.*[1]

    C.    Title VII and Section 1981

The biggest divergence in the parties' submissions focuses on the impact of Title VII of the Civil Rights Act of 1964. As stated, Moore claims discriminatory termination of his employment, and he pursues the claim in his Complaint under § 1981. But when responding to Defendants' motion, Moore relies on cases under Title VII, leading Defendants to argue that the case should be dismissed because Moore is making–up new claims. The problem with Defendants' argument is that § 1981 race-discrimination claims are analyzed under the same legal framework applicable to Title VII cases. *See Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 891 n.2 (5th Cir. 2012) (citing *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309, 311 (5th Cir.1999)).

Since Moore presents no direct evidence of racial discrimination, the Court would employ the *McDonnell-Douglas* burden-shifting approach for disparate-impact claims. *Riley v. Sch. Bd. Union Parish*, 379 F. App'x 335, 339 (5th Cir. 2010) (citing *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316 (5th Cir. 2004)). Based on this, the Court interprets Moore's reference to Title

---

[1]An independent review of the record suggests some uncertainty in Moore's position. For example, while Anderson signed the termination letter, Melton's involvement is not clear, and Moore's own facts suggest Melton may not have supported the decision. It is also unclear from the briefs whether—as a factual and legal question—both Anderson and Melton shared policymaking authority over the decision. Nonetheless, Defendants do not challenge the policymaking authority of Anderson and Melton or their respective roles.

VII as an explanation of the evidentiary framework applicable to his § 1981 claim.  Were Moore to assert a new Title VII claim, it would be dismissed.  *See Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir.1990))).[2]

      From this point the issues get trickier to address.  Defendants thought the motion should be decided purely under § 1983 analysis without regard for the substantive legal issues attendant to race-discrimination claim.  They therefore never fully engaged in the burden shifting that applies under § 1981.  Nevertheless, the Court reviewed Defendants' arguments to see whether they could be converted into the Title VII framework, and while some could be reconfigured, the exercise leaves too many legal arguments for the Court to raise and evaluate *sua sponte*.  Significantly, based on evidence that was not specifically objected to under Rule 56(c)(2) of the Federal Rules of Civil Procedure, the Court would find a prima facie case of race-discrimination due to similarly situated comparators.  And if such comparators were treated more favorably, then a finding that Moore violated work rules nearly ten years before he was terminated would

---

[2]Moore also references the mixed-motive analysis adopted by the Fifth Circuit in *Rachid v. Jack in the Box, Inc.*, but he never analyzes the issue, and it is not clear how Moore is alleging mixed motives.  376 F.3d 305 (5th Cir. 2004).  Regardless, the mixed-motive analysis may not apply to Moore's § 1981 claims, which fall outside of the Title VII framework.  *See Crouch v. JC Penney Corp.*, 337 F. App'x 399, 402 n.1 (5th Cir. 2009) (noting that mixed-motives may not apply beyond Title VII); *Mabra v. United Food & Commercial Workers Local Union No.1996*, 176 F.3d 1357, 1357–58 (11th Cir. 1999) (comparing the language of both statutes and determining an extension of the mixed motives framework to § 1981 claim would be inappropriate).  At this point, however, neither party has explored the issue.

not end the inquiry as Defendants suggest.[3]  For these reasons, the Court concludes that the motion should be denied with respect to the discriminatory-discharge claim.

IV.     Conclusion

The Court has fully considered all of the arguments presented in the parties' briefs but has not expressly addressed every contention.  Those not addressed were either unsupported in law or fact or would not change the result of this Order.  Based on the foregoing, the Court finds that Moore conceded dismissal of his retaliation claim, and that claim is therefore dismissed.  The Defendants' motion for summary judgment is otherwise denied.

**SO ORDERED AND ADJUDGED** this the 2nd day of October, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[3]Defendants argue that two state-court decisions establish that Moore's conduct violated work rules and therefore render the case "moot."  Defendants offer essentially no legal analysis for this argument, but if by "moot" they mean collateral estoppel or res judicata, then the Court would need additional information and some analysis before making that determination.  Regardless, the finding would not be sufficient to grant summary judgment if valid comparators were treated more favorably under nearly identical circumstances.  *Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 893 (5th Cir. 2012).